J-S26041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES DAVID HUBER | : | |
| | : | |
| Appellant | : | No. 47 MDA 2024 |

Appeal from the PCRA Order Entered December 14, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002794-2017

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: AUGUST 12, 2024**

James David Huber appeals *pro se* from the order denying his untimely second petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history are as follows:  On December 16, 2019, Huber entered a negotiated guilty plea to one count of sexual abuse of children, one count of unlawful contact with a minor, and two counts of corruption of minors.  That same day, the trial court sentenced Huber to an aggregate term of five to ten years of imprisonment, followed by a fourteen-year probationary term.  Huber did not file an appeal.

On December 14, 2020, Huber filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel.  On January 3, 2022, PCRA counsel filed a motion to withdraw and no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d

213 (Pa. Super. 1988) (*en banc*). On February 8, 2022, the PCRA court granted counsel's motion to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Huber's petition without a hearing. Huber filed a *pro se* response. By order entered April 5, 2022, the PCRA court dismissed the petition as meritless. Huber appealed. On September 9, 2022, this Court affirmed the PCRA court's order denying Huber post-conviction relief. ***Commonwealth v. Huber***, 285 A.3d 918 (Pa. Super. 2022) (non-precedential decision).

On July 26, 2023, Huber filed the *pro se* PCRA petition at issue, his second. On November 14, 2023, the PCRA court issued a Rule 907 notice of its intent to dismiss this petition because it was untimely filed and Huber did not raise any exception to the PCRA's time bar. Huber filed a response. By order entered December 14, 2023, the court denied the PCRA petition. This appeal followed. Both Huber and the PCRA court have complied with Pa.R.A.P. 1925.

Huber raises nine substantive issues. Before addressing these claims, we must first determine whether Huber's second PCRA petition was timely filed.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Huber's judgment of sentence became final on January 15, 2020, thirty days after the time for filing a direct appeal expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Huber had until January 14, 2021, to file a timely petition. Because Huber filed the petition at issue in April 2023, it is untimely

unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

The PCRA court found that Huber did not raise an exception to the PCRA's time bar in his petition. Our review of the petition confirms this conclusion. Thus, although Huber claims in his brief that he has satisfied all three exceptions, **see** Huber's Brief at 19, he inappropriately raises the claim for the first time on appeal. **Burton**, **supra**. Because Huber's petition was untimely, the PCRA court lacked jurisdiction to consider its merits. **Derrickson**, **supra**. We therefore affirm the PCRA court's order denying Huber post-conviction relief.

Order affirmed.


Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 8/12/2024